IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

ERIN LEA BARNETT,

    Plaintiff,

v.                                          Case No. 7:20CV663

ROANOKE COUNTY SCHOOL BOARD,

    Defendant.

## DEFENDANT'S ANSWER

Defendant Roanoke County School ("School Board"), by counsel and for its response to Plaintiff's Complaint state as follows:

## AFFIRMATIVE DEFENSES

1.    The Complaint fails to state a claim for which relief can be granted.

2.    The Plaintiff is not similarly situated to the comparator she has identified.

3.    The pay differential between the Plaintiff and her alleged comparator is based on a factor other than sex.

4.    The School Board had a legitimate, nondiscriminatory reason for the pay differential.

## ANSWER

In response to the numbered paragraphs of the Complaint, the School Board states as follows:

1.    The allegations in ¶ 1 are not allegations of fact requiring a response. The School Board states further that it does not contest this Court's jurisdiction but denies that it engaged in any unlawful practices or actions.

2. The allegations in ¶ 2 are not allegations of fact requiring a response. The School Board states further that it does not contest that venue in this Court is proper but denies that it engaged in any unlawful practices or actions.

3. The allegations in ¶ 3 are admitted.

4. On information and belief, the allegations in ¶ 4 are admitted.

5. In response to the allegations in ¶ 5, the School Board states that it is a political subdivision of the Commonwealth of Virginia vested with the authority to supervise the public schools in Roanoke County, Virginia.

6. The allegations in ¶ 6 are admitted.

7. With regard to the allegations in ¶ 7, the School Board admits that Plaintiff applied for and was promoted to Supervisor of Science but denies that she received a "series of excellent work performance reviews" prior to her promotion. Rather, the two performance evaluations that Plaintiff received prior to her promotion, in 2014 and 2017, she received overall rating of "proficient."

8. The allegations in ¶ 8 are admitted.

9. With regard to the allegations in ¶ 9, the School Board states that the Directors reported to the Assistant Superintendent until July 1, 2020, and did not report directly to the Superintendent.

10. The allegations in ¶ 10 are admitted.

11. The allegations in the first and second sentence of ¶ 11 are admitted. With regard to the allegations in the third sentence, the School Board admits that Plaintiff received additional compensation for teaching virtual courses from the summer of 2015 to spring of 2017 but denies that Plaintiff taught any virtual courses or received such compensation therefor in the school year

prior to her promotion to Supervisor of Science (2017-2018); the School Board admits that Plaintiff served as department chair during the school year prior to her promotion with a stipend of $867; and the School Board admits that the Plaintiff taught summer school but for only for a portion of the summer of 2018 for a total stipend of $1,360.  The School Board denies the allegations in the fourth sentence.  Any allegations not expressly admitted are denied.

12. With regard to the allegations in ¶ 12, the School Board admits that Plaintiff when mentioned that she would be giving up the stipend as department chair to take the Supervisor of Science position (the only stipend she was slated to receive had she continued in her teaching position), she was advanced a step on the salary scale and offered a salary of $60,851.90.  The School Board denies that Plaintiff ever mentioned the virtual courses or requested to continue teaching them and, indeed, Plaintiff had not taught the virtual courses for a year prior to her promotion.  Any allegations not expressly admitted are denied.

13. With regard to the allegations in ¶ 13, the School Board admits that Jim Bradshaw, Director of Human Resources, told Plaintiff that $60,851.90 was "as high as we can go" but denies that this was "despite the Instructional Supervisor position's increased time requirements and responsibility requirements in contract to Ms. Barnett's former position."  The School Board stated further that Plaintiff received a salary increase in excess of $12,000 (from a base salary of $48,533 to $60,851.90).  The allegations in the second and third sentences are admitted.

14. The allegations in ¶ 14 are denied.  The School Board states further that Plaintiff's salary was increased in excess of $12,000 when she was promoted to Supervisor of Science.

15. The allegations in ¶ 15 are denied.  The School Board states further that Plaintiff's salary for the 2019-2020 school year was $63,206.78.

16. With regard to the allegations in ¶ 16, the School Board states that Kevin Burcham, a male, was hired as the Supervisor of Health, Physical Education, and Driver Education in or around July of 2018. Any allegations not expressly admitted are denied.

17. With regard to the allegations in ¶ 17, the School Board states that Mr. Burcham's position as the Supervisor of Health, Physical Education, and Driver Education was considered an Instructional Supervisor role. Any allegations not expressly admitted are denied.

18. The allegations in ¶ 18 are denied.

19. The allegations in ¶ 19 are denied.

20. With regard to the allegations in ¶ 20, the School Board admits that Mr. Burcham was paid a salary of $62,601.79 for the 2018-2019 school year and that his contract was for 220 days. The School Board further admits that Mr. Burcham had been contracted to serve as the head basketball coach and had already started working in that role for the year before he was hired for the Supervisor position. Mr. Burcham did receive a stipend of $3,900 but it was for work that he actually performed in addition to his duties as Supervisor of Health, Physical Education, and Driver Education. Any allegations not expressly admitted are denied.

21. The allegations in the first sentence of ¶ 21 are denied. With regard to the allegations in the second sentence, the School Board admits that Plaintiff maintains sole responsibility for her job duties but denies that it is "in contrast" to Mr. Burcham. The School Board admits that Plaintiff is contracted to work 240 days per year and Mr. Burcham is contracted to work 220 days per year. The allegations in the third sentence are denied.

22. The allegations in ¶ 22 are denied.

23. The allegations in ¶ 23 are denied.

24. With regard to the allegations in ¶ 24, the School Board admits that Plaintiff disputes its rationale but the School Board affirmatively states that it legitimately considers differences in education, experience, qualifications, licensure and endorsements, extracurricular and other activities when making salary decisions. Any allegations not expressly admitted are denied.

25. With regard to the allegations in ¶ 25, the School Board admits that Plaintiff and Burcham both hold Master's degrees but states further that Mr. Burcham holds a teaching license with two endorsements, which is a requirement of his position while Plaintiff holds a teaching license with only one endorsement. The allegations in the second sentence are denied. Upon information and belief, the allegations in the third sentence are admitted but the School Board states further that such activities are not relevant for purposes of placement of the salary scale. The allegations in the fourth sentence are denied.

26. With regard to the allegations in ¶ 26, the School Board admits that Mr. Burcham earned an additional stipend during the 2018-2019 school year because he actually served as the head basketball coach for the entire season.

27. The allegations in ¶ 27 are denied. The School Board states further that Plaintiff's salary was increased to $60,851.90 to account for the department chair stipend, which she gave up when she accepted the Supervisor position.

28. With regard to the allegations in ¶ 28, the School Board states that Mr. Burcham was placed five steps higher than Plaintiff due to multiple factors including his additional teaching experience, his fifteen years of coaching experience (which was relevant to his Supervisor position), his dual endorsements in Health and Physical Education and Driver

Education, and the urgent need to fill the position after the individual who was initially offered the position withdrew from consideration. Any allegations not admitted are denied.

29. The allegations in the first sentence of ¶ 29 are denied. With regard to the allegations in the second sentence, the School Board states that the listed duties are duties of the Supervisor position, for which the Plaintiff was compensated. With regard to the allegations in the third sentences of ¶ 29, the School Board lacks knowledge or information sufficient to allow it to form a belief as to the truth of the allegations and, therefore, those allegations are denied.

30. With regard to the allegations in the first sentence of ¶ 30, the School Board admits that Plaintiff is contracted to work 240 days per year and Mr. Burcham is contract to work 220 days per year. The allegations in the second sentence are admitted. Any allegations not expressly admitted are denied.

31. The allegations in ¶ 31 are denied.

32. The allegations in the first sentence of ¶ 32 admitted. The allegations in the second and third sentences are denied.

33. With regard to the allegations in ¶ 33, the School Board states that Plaintiff only asked if she was on the correct step and admits that Mr. Bradshaw emailed Plaintiff on April 3, 2019 to advise her that he was not able to change her salary. Any allegations not expressly admitted are denied.

34. With regard to the allegations in ¶ 34, the School Board admits that Ms. Barnett's salary for the 2019-2020 school year was raised to $63,206.78. The remaining allegations in ¶ 34 are denied.

35. With regard to the allegations in the first sentence of ¶ 35, the School Board admits that Plaintiff's responsibilities increased when she accepted to Supervisor position but

denies that her responsibilities exceed Mr. Burcham's responsibilities and the School Board denies that Plaintiff has "excelled" in her duties; rather she received a performance evaluation rating of "proficient" in May of 2019 and again in June of 2020.  With regard to the allegations in the second sentence, the School Board denies that Plaintiff "maintains a more rigorous schedule that Mr. Burcham," denies that her position is "substantially similar" to Burcham's, and denies that she "provides similar value" in that his position requires an additional endorsement that Plaintiff's position does not require.  The allegations in the third sentence are admitted.

36. The allegations in ¶ 36 are denied.

37. With regard to the allegations in ¶ 37, the School Board admits that Plaintiff and Burcham, as well as the other Instructional Supervisors and many other employees share the discrete tasks listed in numbers 1-79 on pages 9-14 of the Complaint.  The School Board denies that this list of discrete tasks establishes that Plaintiff and Mr. Burcham are similarly situated.

38. With regard to the allegations in the first, second, and third sentences in ¶ 38, the School Board lacks knowledge or information sufficient to allow it to form a belief as to the truth of the allegations and, therefore, those allegations are denied.  The allegations in the fourth sentence are denied.

39. The allegations in ¶ 39 are denied.

40. The School Board admits that Plaintiff is a female and states that the remaining allegations in the first sentence of ¶ 40 are not allegations of fact requiring a response.  The allegations in the second sentence are denied.  Any allegations not expressly admitted are denied.

41. The allegations in ¶ 41 are admitted.

42. The allegations in ¶ 42 are denied.

43. The allegations in ¶ 43 are denied.

44. In response to the allegations in ¶ 44, the School Board incorporates its responses to paragraphs 1 to 43 as if fully set forth herein.

45. With regard to the allegations in ¶ 45, the School Board admits that Plaintiff is female but denies that it discriminated against her on any basis.

46. The allegations in ¶ 46 are denied.

47. The allegations in ¶ 47 are denied.

48. The allegations in ¶ 48 are denied.

49. The allegations in ¶ 49 are denied.

50. The allegations in ¶ 50 are denied.

51. The allegations in ¶ 51 are not allegations of fact requiring a response. To the extent a response is required the allegations are denied.

52. The allegations in ¶ 52 are denied.

53. The allegations in ¶ 53 are denied.

54. The allegations in ¶ 54 are denied.

55. The bolded section headings throughout the Complaint do not constitute factual allegations requiring a response. To the extent a response is required, the allegations are denied.

56. In response to the unnumbered paragraph on page 18 of the Complaint, the School Board denied that Plaintiff is entitled to any of the relief that she seeks. The School Board further denies that Plaintiff is entitled to any relief under any theory of recovery.

57. Any allegations in the Complaint not expressly admitted are denied.

RESPECTFULLY SUBMITTED,

ROANOKE COUNTY SCHOOL BOARD

By Counsel

/s/ Andrew P. Selman
Stacy L. Haney (VSB No. 71054)
Andrew P. Selman (VSB No. 91060)
HANEY PHINYOWATTANACHIP PLLC
11 S. 12th Street, Suite 300C
Richmond, VA 23219
Tel.:   (804) 500-0301
         (804) 500-0303
Fax:   (804) 500-0309
Email: shaney@haneyphinyo.com
         aselman@haneyphinyo.com

*Counsel for Roanoke County School Board*

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of February, 2021, I filed the foregoing document with the Court's ECF system, which will automatically send a copy to all counsel of record.

/s/ Andrew P. Selman
Stacy L. Haney (VSB No. 71054)
Andrew P. Selman (VSB No. 91060)
HANEY PHINYOWATTANACHIP PLLC
11 S. 12th Street, Suite 300C
Richmond, VA 23219
Tel.:   (804) 500-0301
         (804) 500-0303
Fax:   (804) 500-0309
Email: shaney@haneyphinyo.com
         aselman@haneyphinyo.com

*Counsel for Roanoke County School Board*